COPY




UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

KENNY GONZALEZ,

Plaintiffs,

13 CV 5329

COMPLAINT

JURY TRIAL DEMANDED

-against-

THE CITY OF NEW YORK, Correction Officer JASON AVILA, Shield #7353, Correction Officer USHER, Shield #13186, And Correction Officer COLLINS,

Defendants.

------------------------------------------------------------------x

RECEIVED JUL 3 1 2013 U.S.D.C. S.D. N.Y. CASHIERS

Plaintiff KENNY GONZALEZ, by and through his attorneys, THE LAW OFFICE OF SCOTT G. CERBIN, ESQ., PLLC, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, and of rights secured under the laws and Constitution of the State of New York. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems equitable and just.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343, this being an action seeking redress for the violation of plaintiff's constitutional and civil rights

3. Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

4. The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein. and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5. Venue herein is proper, for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c).

## PARTIES

8. Plaintiff KENNY GONZALEZ is 19 (Nineteen) years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York and the County of the Queens.

9. Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized to maintain a department of correction, which acts as its agent in the area of law enforcement throughout all New York City jails and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a department of correction force and the employment of correction officers as said risk attaches to the public consumers of the services provided by the New York City Department of Correction.

11. Defendants AVILA, USHER, and COLLINS are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Department of Correction, a municipal agency of THE CITY OF NEW YORK. Defendants AVILA, USHER, and COLLINS are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Department of Correction, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

12. Defendants AVILA, USHER, and COLLINS are sued individually.

## STATEMENT OF FACTS

13. On November 13, 2012, at approximately 2 p.m., on Rikers Island, Robert N. Davoran Complex, County of Bronx, Plaintiff Kenny Gonzalez was in a classroom

with other inmates. A civilian school employee, Mrs. Jacqueline Green, alleged that Mr. Gonzalez touched her buttocks. Defendant's AVILA, USHER, and COLLINS removed Mr. Gonzalez from the classroom and shut the door. USHER then slapped Mr. Gonzalez in the face. AVILA then put on gloves and together with USHER proceeded to repeatedly punch and kick Mr. Gonzalez. When the beating was over COLLINS then told Mr. Gonzalez to close his eyes and COLLINS proceeded to spray chemical agent in Plaintiff's face. Among other injuries, Plaintiff's ninth ribbed was so badly broken that a radiology report taken two and a half months later still revealed the healing fracture.

14. Defendants AVILA, USHER, and COLLINS then falsely reported that Mr. Gonzalez struck AVILA in the "upper body area" requiring the three officers to use chemical agent. According to AVILA's report the chemical agent did not have the desired effect and thus he and USHER were forced to take Mr. Gonzalez to the ground.

15. It should be noted that at the time of the incident Mr. Gonzalez weighed approximately 140 (One Hundred Forty) pounds; while Defendant's weighed approximately 180 (One Hundred Eighty), 200 (Two Hundred), and 250 (Two Hundred Fifty) pounds.

16. Further, to cover up their misconduct Defendants AVILA, USHER, and COLLINS brought disciplinary charges against Mr. Gonzalez. They lied about the events and, notwithstanding the contradictory physical evidence; Captain Medina, Shield #472, substantiated the false allegations. This resulted in Plaintiff being confined to the Punitive Segregation Unit for 90 days.

17. Finally, Defendant AVILA falsely swore out a criminal complaint against Defendant Kenny Gonzalez, in which AVILA stated that Mr. Gonzlaez "struck him

multiple times with a closed fist about the torso". The Bronx County district attorney subsequent motion to dismiss those charges was granted by the criminal court.

## AS AND FOR A FIRST CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY AVILA, USHER, and COLLINS

18. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

19. By their conduct and actions in arresting, imprisoning, physically assaulting, failing to intercede on behalf of Plaintiff KENNY GONZALEZ and in failing to protect him from the unjustified and unconstitutional treatment he received at the hands of other defendants. defendants AVILA, USHER, and COLLINS, acting with animus, and under color of law and without lawful justification, intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

20. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A SECOND CAUSE OF ACTION
## DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY THE CITY OF NEW YORK

21. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

22. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through defendants DOES had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

23. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its department of correction, and through Defendants AVILA, USHER, and COLLINS had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and correction officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

24. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

## AS AND FOR A THIRD CAUSE OF ACTION
## EXCESSIVE FORCE BY AVILA, USHER, and COLLINS

25. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

26. By their actions in physically assaulting Plaintiff. Kenny Gonzalez. Defendants AVILA. USHER, and COLLINS used unreasonable and excessive force.

27. As a result of the foregoing, plaintiff was deprived of his liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A FOURTH CAUSE OF ACTION**
**FALSIFICATION OF EVIDENCE**
**BY AVILA, USHER, and COLLINS**

28. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

29. By their actions in falsifying evidence surrounding the assault of Plaintiff, Kenny Gonzalez, Defendants AVILA, USHER, and COLLINS used unreasonable and excessive force.

30. As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**AS AND FOR A FIFTH CAUSE OF ACTION**
**MALICIOUS PROSECUTION BY AVILA**

31. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

32. By his actions in swearing out a false criminal complaint, Defendant AVILA maliciously prosecuted Plaintiff, Kenny Gonzalez.

33. As a result of the foregoing, plaintiff was deprived of his liberty, suffered psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a. Compensatory damages;

b. Punitive damages against the individually named Defendants;

c. The convening and empanelling of a jury to consider the merits of the claims herein;

d. Costs and interest and attorneys' fees;

e. Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
July 12, 2013

Respectfully submitted,

SCOTT G. CERBIN, ESQ., PLLC
Counsel for the Plaintiff

By: Scott G. Cerbin (SC5508)
16 Court Street, Suite 2901
Brooklyn, New York 11241
(718) 596-1829